Hyman, O. J.
Plaintiff sued defendant on a promissory note given by F. W. C. Cook, May 21st, 1861, for !$3,652 32.
It was made payable to tlio order of defendant, and was endorsed by Martin Gordon, Jr., as agent of defendant, before its maturity, Gordon making himself also bound on tlie note, subsequently to liis endorsement as agent, endorsed it in blank in his own name merely as endorser. On the maturity of tlio note it was presented for payment, aud protested for non-payment, and notice of its dishonor given to defendant and Gordon. By a written power of attorney defendant had authorized Gordon, “for defendant’s uso, to make and endorse promissory notes.”
Defendant, in answer to plaintiff’s petition, after denying ail the allegations of the petition, admitted “ that Gordon had authority to endorse notes for him, but only for defendant’s benefit and use,’’and averred that Gordon’s authority lias ceased by liis failure, before ho endorsed the note sued ou, aud that the consideration of the note was Confedérate money, the issue of rebels in arms against the Government.
There is no evidence that the consideration of the note was Confederate money, and this ground of defense is abandoned by defendant.
It being admitted by defendant in his answer, that Gordon had authority to endorse notes for his own use, aud Gordon having acted within the scope of his authority by endorsing tlio noto sued ou, the presumption is that lie acted for the purpose for which he was authorized, aud there is nC> evidence in the record to tlio contrary.
The evidence adduced to prove the failure of Gordon, before he endorsed tlio note, is that several notes had been protested, on which lie was endorser.
. This evidence does not show that he had failed, or that it was impossible for him to pay his debts when he endorsed tlio note for defendant.
With no proof of Gordon’s failure, previous to his endorsing the note, it is needless to determine in this case what effect tlie failure of an agent would have on the agency conferred on him by another.
Defendant contends that the notice is insufficient to bind him, if ho be endorser, as appears from the notary’s certificate of notice, the certificate being the only evidence of notice.
First, because the statement of facts made by the notary or his deputy, in the notary’s certificate of notice, is not evidence.
The certificate of the notary is as follows: “I, the undersigned notary, do hereby certify that the parties to the note have been duly notified of *184 the protest thereof, by letters to them by me written and addressed, dated on the day of the protest, and served on thorn respectively in the manner following, viz: By delivering those for M. S. Bringicr, Martin Gordon, Jr., endorsers, to a clerk of the latter at his office (he not being there), by my deputy, Paul Grima, (the office of Martin Gordon, Jr., being also that of the said M. S. Bringicr,)” etc.
The notices were delivered on tlio day when the note was protested. •
Tlio facts stated in the certificate necessarily came ivitliin the personal knowledge of the notary or his deputy, and are evidence subject to he contradicted by other evidence. 17 La. 588. Act relative to bills of exchange and promissory notes, approved March 9th 1855. The note was protested in the city of Now Orleans by a notary of the city, and by law ho was authorized to appoint one or more deputies to assist him in making protests and delivery of notices of protests of bills of exchange and promissory notes, and whatever facts which necessarily come within the knowledge of his deputy, while assisting in giving notices, he, tlio notary, may state them in his certificate, and the facts thus stated arc as much evidence as if lie had certified that they were within his personal knowledge. Hee act relative to notaries of New Orleans, 6th section, approved-March 14th, 1855.
Secondly, because the notices of protest were served on Martin Gordon, Jr., who had not authority to receive such notice.
The certificate of the notary shows that notices were served oil Gordon, and on defendant.
Thirdly, because the notice to defendant was not put into the nearest post-office when protest was made,, addressed to him at his usual placo of residence, to wit: the parish of Ascension.
Defendant, in support of this position, refers to tlio act relativo to hills of exchange and promissory notes already referred to by us.
This act did not change the commercial law, as to the place where notice of dishonor of bills or notes were to be sent or delivered.
Notices of dishonor of a note or draft is delivered at the proper place, when delivered at the office or place of business of a party to a bill or note.
The District Judge rendered judgment against the plaintiff, and ho is appellant from the judgment. The judgment is erroneous.
It is ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed.
It is further decreed, that plaintiff recover of defendant the sum of three thousand six hundred and fifty-two dollars and thirty-two cents, with interest thereon, at the rate of eight per cent, per annum, from tliu 24th day of December, 1861, till paid, and costs of this suit.